IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRADLEY GRANT KITCHEN, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANTS' MOTIONS IN LIMINE<br><br><br><br>Case No. 2:07-CR-895 TS |

This matter comes before the Court on Defendants' Motions in Limine.  Defendants seeks to preclude the use by the government of any documents produced after a certain date.[1]

I.  BACKGROUND

This matter is set for trial to begin on August 13, 2008.  Defendants seek to preclude the government from using late-disclosed documents in its case-in-chief.  Defendants argue that these documents should be excluded because of the government's alleged violations of Fed.R.Crim.P. 16 and DUCrimR 16-1.

---

[1] Defendants differ as to which date should be the cut-off point.  Defendant Clarke suggests both July 18, 2008, and July 15, 2008.  *Compare* Docket No. 250 *with* Docket No. 251.  Defendant Garrett suggests July 1, 2008.  Docket No. 255.

1

## II.  DISCUSSION

Fed.R.Crim.P. 16(a)(1)(E) provides:

> Upon a defendant's request, the government must permit the defendant to inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings or places, or copies or portions of any of these items, if the item is within the government's possession, custody, or control and:
> (i) the item is material to preparing the defense;
> (ii) the government intends to use the item in its case-in-chief at trial; or
> (iii) the item was obtained from or belongs to the defendant.

DUCrimR 16-1(c) states that, "[u]nless ordered by the court, the party obligated to disclose under Fed.R.Crim.P. 16 must comply promptly but not fewer than fourteen (14) days prior to trial."

Here, the government has continued to provide documents to Defendants. This production continued after the 14 day cut-off date set forth in the Local Rule. Indeed, the government continued to provide documents up to August 7, 2008. Defendants seek to preclude the government from using any late-disclosed documents in its case-in-chief. The government argues that this extreme remedy is not appropriate.

Rule 16(d)(2) of the Federal Rules of Criminal Procedure gives the Court broad discretion in imposing sanctions on a party who fails to comply with a discovery order.[2] That Rule provides:

> If a party fails to comply with this rule, the court may:
> (A) order that party to permit the discovery or inspection; specify its time, place, and manner, and prescribe other just terms and conditions;
> (B) grant a continuance;
> (C) prohibit that party from introducing the undisclosed evidence; or
> (D) enter any other order that is just under the circumstances.[3]

---

[2]*United States v. Wicker*, 848 F.2d 1059, 1060 (10th Cir. 1988).

[3]Fed.R.Crim.P. 16(d)(2).

> The factors the district court should consider in determining whether a sanction is appropriate are (1) the reasons for the delay in producing the requested materials, including whether or not the party acted in bad faith; (2) the extent of prejudice to the other party as a result of the delay; and (3) the feasibility of curing the prejudice with a continuance.[4]

If the Court concludes that sanctions are appropriate, it should impose the least severe sanction that will accomplish prompt and full compliance with the Court's discovery orders.[5]

The Court cannot find that the government has violated Rule 16. The government represents, and there is no evidence to the contrary, that it has turned over all evidence in a timely fashion once it has come into their possession, custody, and control.[6] Even if the Court were to find the government violated Rule 16, considering the above-listed factors, the Court concludes that the extreme sanction of excluding all of the late-disclosed documents is inappropriate.

First, there is nothing to suggest bad faith on the part of the government. As noted, the government represents that it has provided documents and discovery to Defendants within a reasonable time after such evidence came within its possession, custody, and control. There is nothing to suggest that the government purposefully waited until the last minute to disclose these documents. "In the absence of a finding of bad faith, the court should impose the least severe sanction that will accomplish prompt and full compliance with the discovery order."[7]

---

[4]*United States v. Nichols*, 169 F.3d 1255, 1268 (10th Cir. 1999).

[5]*Id.*

[6]Fed.R.Crim.P. 16(a)(1)(E) only applies to items within the government's possession, custody, and control.

[7]*United States v. Golyansky*, 291 F.3d 1245, 1249 (10th Cir. 2002).

Second, the Court considers the prejudice to Defendants. "To support a finding of prejudice, the court must determine that the delay impacted the defendant's ability to prepare or present its case."[8] "The concept of prejudice does not encompass the expense of additional trial preparation."[9] Here, the prejudice to Defendants is minimal and can be cured. All documents were disclosed prior to trial. The last of the documents were disclosed approximately one week before trial. Further, the government represents that it has identified those specific documents which it intends to introduce at trial and has provided that information to Defendants. Accordingly, and in light of the fact that the Court conducts its trials from only 8:30 a.m. until 1:30 p.m. each day, the Court finds that any prejudice can be cured.

When a violation is found, "the preferred sanction is a continuance."[10] Indeed it is "a rare case where, absent bad faith, a district court should exclude evidence rather than continue the proceedings."[11] Defendants have not asked for a continuance.[12] While Defendant Garrett previously sought a continuance, he no longer appears to seek such relief.[13] Defendant Clarke has adamantly insisted on going to trial as scheduled. The government represents that it will not stand in the way of a request for a continuance. If either Defendant maintains that he will be

---

[8] *Id.* at 1250.

[9] *Id.*

[10] *Id.* at 1249.

[11] *Id.*

[12] *See United States v. Nevels*, 490 F.3d 800, 804 (10th Cir. 2007) (noting that defendant "never asked for a continuance of trial" as a factor bearing on its conclusion that defendant "failed to establish prejudice" from alleged untimely disclosure of witness's identity).

[13] *Compare* Docket No. 220 *with* Docket No. 255.

unable to adequately prepare, the Court will consider a motion to continue.  Any such motion must be filed by August 12, 2008, at 2:00 p.m.

### III.  CONCLUSION

It is therefore

ORDERED that Defendants Motions in Limine (Docket Nos. 250 and 255) are DENIED.

DATED   August 12, 2008.

                BY THE COURT:

                _____
                TED STEWART
                United States District Judge